IN THE SUPREME COURT OF THE STATE OF DELAWARE

| | | |
|---|---|---|
| CLAUDE LACOMBE, | § | |
| | § | No. 376, 2025 |
| Defendant Below, | § | |
| Appellant, | § | Court Below—Superior Court |
| | § | of the State of Delaware |
| v. | § | |
| | § | Cr. ID No. 1201018188 (N) |
| STATE OF DELAWARE, | § | |
| | § | |
| Appellee. | § | |

Submitted: November 17, 2025
Decided: December 29, 2025

Before **SEITZ**, Chief Justice; **VALIHURA** and **TRAYNOR**, Justices.

## ORDER

After careful consideration of the appellant's opening brief, the State's motion to affirm, and the record on appeal, we conclude that the Superior Court's order dated September 5, 2025, which adopted a commissioner's report[1] recommending that the court summarily dismiss the appellant's successive motion for postconviction relief, should be affirmed. The Superior Court correctly determined that the appellant's claims challenging his convictions and the effectiveness of his counsel are procedurally barred under Superior Court Rule of Criminal Procedure 61.[2] Moreover, because the Superior Court imposed a sentence within the applicable

---

[1] *State v. LaCombe*, 2025 WL 2409919 (Del. Super. Ct. Aug. 18, 2025) (Commissioner's Report).
[2] *See* DEL. SUPER. CT. R. CRIM. PROC. 61(a) ("This rule governs the procedure on an application by a person in custody under a sentence of this court seeking to set aside the judgment of conviction

statutory ranges, his sentence is not illegal under *Erlinger v. United States*.[3]  This Court has previously held that the appellant's sentence is not disproportionate under the Eighth Amendment.[4]

NOW, THEREFORE, IT IS ORDERED that the motion to affirm is GRANTED and the judgment of the Superior Court is AFFIRMED.

BY THE COURT:

*/s/ Karen L. Valihura*
Justice

or a sentence of death on the ground that the court lacked jurisdiction or on any other ground that is a sufficient factual and legal basis for a collateral attack upon a criminal conviction or a capital sentence."); *id.* R. 61(i) (establishing procedural bars to postconviction relief); *id.* R. 61(d)(2) (setting forth exceptions to certain procedural bars, but only if the movant was convicted after a trial).

[3] 602 U.S. 821 (2024).  *See, e.g.*, *Anderson v. State*, 2025 WL 3012920 (Del. Oct. 24, 2025) (rejecting claim that court's consideration of aggravating factors when imposing a sentence above the sentencing guidelines, but within the statutory range, violated *Erlinger*).

[4] *LaCombe v. State*, 2014 WL 2522273 (Del. May 30, 2014).